IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kelly Harcourt, <u>et al.</u>,       )
                                    )
            Plaintiffs,             )  Case No. 1:02-CV-283
                                    )
    vs.                             )
                                    )
Cincinnati Bell                     )
Telephone Company,                  )
                                    )
            Defendant.              )

O R D E R

This matter is before the Court on Defendant Cincinnati Bell Telephone Company's motion to sever or for separate trials (Doc. No. 77).  For the reasons set forth below, Defendant's motion to sever or for separate trials is not well-taken and is **DENIED**.

Plaintiffs Kelly Harcourt, Paula White, and Phillip Donnelly filed this lawsuit alleging that certain of Defendant Cincinnati Bell Telephone Company's ("CBT") medical leave policies violate the federal Family and Medical Leave Act ("FMLA").  On cross-motions for summary judgment, the Court agreed with Plaintiffs that the policies complained of violate the FMLA.  <u>See</u> Doc. No. 78.  This matter is scheduled for trial on September 27, 2005 on the issues of damages and the scope of injunctive relief, as well as a claim for constructive discharge on behalf of Plaintiff Harcourt.  Pursuant to Rules 21 and 42 of the Federal Rules of Civil Procedure, CBT moves the Court to

1

order separate trials because Plaintiffs' claims were improperly joined and because there are no longer any common issues of law or fact among the Plaintiffs.

Rule 42(b) of the Federal Rules of Civil Procedure provides:

> Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The decision whether to order separate trials is within the sound discretion of the district judge.  In re Beverly Hills Fire Lit., 695 F.2d 207, 216 (6th Cir. 1982).  In deciding whether to sever claims or parties for trial, the court should consider several issues, such as potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result.  Id.

In this case, the above considerations do not warrant severing Plaintiffs' claims for separate trials.  The Court does not discern any palpable prejudice to CBT by trying the remaining issues in one proceeding.  There are only three Plaintiffs, and except for Plaintiff Harcourt's constructive discharge claim, the only issue for the jury to decide is the amount of damages due each Plaintiff.  Consequently, the jury should have no difficulty

separating the evidence that relates to each Plaintiff's claim. Moreover, as a matter of judicial economy, it makes little sense to empanel three different juries to consider the relatively simple issues of each Plaintiff's damages. In <u>Alexander v. Fulton County, Ga.</u>, 207 F.3d 1303 (11th Cir. 2000), the Court held that the district court did not abuse its discretion by refusing to sever for trial the claims of eighteen employment discrimination plaintiffs because the core similarities of their claims minimized the risk of prejudice to the defendants. <u>Id.</u> at 1325-26. Similarly, in this case, although the amount of damages each Plaintiff sustained is likely different, on summary judgment the record demonstrated that CBT's FMLA policies affected each of Plaintiffs in much the same way. Therefore, as was the case in <u>Alexander</u>, there is a core similarity to Plaintiffs' claims.

Finally, Plaintiffs' claims were properly joined in this case. Plaintiffs' claims have common issues of law and fact, namely whether CBT's medical leave policies violate the FMLA. Additionally, Plaintiffs' claims arose out of the same series of transactions - the manner in which CBT administered its FMLA policies. <u>See</u>, <u>e.g.</u>, <u>Mosely v. General Motors Corp.</u>, 497 F.2d 1330, 1333-34 (8th Cir. 1974) (holding claims of plaintiffs arose out of same series of transactions where complaint alleged employer had pattern or practice of discrimination).

Accordingly, CBT's motion to sever or for separate trials is not well-taken and is **DENIED**.

**IT IS SO ORDERED**

Date   September 13, 2005              s/Sandra S. Beckwith
                                    Sandra S. Beckwith, Chief Judge
                                      United States District Court